### HARDY HATTOX *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.    *Continuance.    Time to write application.*

Where the absence of the witness, for which a continuance in a criminal case is asked by defendant, is not shown to be due to the fault or laches of defendant, it is error to deny his request for time in which to put in writing his application for a postponement of the trial.

FROM the circuit court of Lafayette county.

HON. PERRIN H. LOWREY, Judge.

Hattox, appellant, was defendant in the court below; he was tried and convicted of crime, assault and battery with intent to kill and murder, and appealed to the supreme court.

The facts are stated in the opinion of the court.

*W. V. Sullivan,* for appellant.

If it be said that a motion for a continuance or postponement should have been made in writing, setting out the facts

to which the witness would testify, and the reason why sub-
pœna was not sooner issued, we call attention to the fact that
this very privilege was asked and flatly refused by the court;
the judge contenting himself with the statement that he, the
court, "would not delay the matter in order to give time to
prepare any application for continuance on this account," re-
ferring to the absence of the material witness whose testimony
would have established defendant's innocence, and who was in
the county, but simply "dodging," as the officer supposed, with-
out further ado, requiring defendant then and there to im-
mediately go upon trial, resulting in a verdict of guilty, and
a sentence of five years in the penitentiary. This was not a
fair and impartial trial, such as the law of the land guarantees
to every one.

*W. L. Easterling,* assistant Attorney-General, for appellee.

The record shows that the defendant was indicted at the
September term, 1900, and the case was called for trial one
year afterward, at the September term, 1901. Counsel for
defendant asked the court to have the case passed in order to
allow the defendant further time to bring a witness into court,
which witness had not been served with process, and no sub-
pœna had been even asked for him until the then present term
of court. The court refused to pass the case. Counsel for de-
fendant then stated that he wished to make application for
continuance on account of the absence of said witness. The
court offered to hear any application, but would not delay the
case for counsel to write out the application for a continuance
on such grounds as had been stated. The return of the officer
on the subpœna for the witness showed that the witness was
"not found." The showing made by defendant did not en-
title him to either a postponement or a continuance. Further-
more, it does not appear in the whole record how the absent
witness, George Dean, knew, or could have known, anything
which would be any help to defendant. The defendant testi-

fied for himself, and it nowhere appears in his testimony where George Dean had opportunity to see or know anything about him after he had left Graham's gate, an hour or more before Graham was shot; and, as to all that happened there, Dean's testimony would have been simply cumulative.

TERRAL, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Lafayette county of an assault and battery upon Graham with intent to kill and murder him, and sentenced to the penitentiary for five years. He was tried at the September term, A.D. 1901, upon an indictment found at the next preceding September term of said court.

On the 11th of September his case was called for trial, when, through his counsel, he asked for further time for obtaining the attendance of George Dean, for whom a subpœna had issued at that term, and had been returned not found, but who was alleged to be within the county, and to be a material witness. This oral request of defendant's counsel was denied, when he asked permission of the court to put his motion and the facts supporting it in writing, which was also denied. It does not appear from the record when Hattox was arrested; nor that he was in any default in having process issued and served, or in calling for new process upon a return of the first subpœna "not found."

So far as the record discloses a history of the case, no laches is imputable to the defendant; and his request to put in writing his application in a matter so important to his interest in the case before the court was, as we think, but a reasonable one, and should have been granted.

The certainty of the evidence upon which Hattox was convicted is not so free of doubt but that the evidence of George Dean might have been of great importance to the prisoner; a formal written application for a continuance, setting out what the witness was expected to testify, would at least have enabled

the court here to see the grounds of the application, and thereby contributed to the certainty which is to be desired in all judicial proceedings.

*Reversed and remanded.*